SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICHOLAS D. MEYERS, OSB #222743**
Nicholas.Meyers@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00371-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **KYLE DAVID RYAN ELLIS,** | |
| **Defendant.** | |

Defendant Kyle David Ryan Ellis possessed two loaded handguns in furtherance of heroin and methamphetamine trafficking after he fled from Newberg police officers.  For the reasons set forth below, the government recommends the following sentence: 60 months of imprisonment, consecutive to defendant's undischarged state sentence, followed by five years of supervised release and a $100 special assessment.

//

//

**Government's Sentencing Memorandum**                                                            **Page 1**

## I.    Factual Background

### A.  The Offense Conduct

The final Presentence Investigation Report ("PSR") accurately summarizes the offense conduct in paragraphs 15 through 18, which are incorporated by reference.

On January 28, 2024, Newberg police officers observed defendant run a stop sign and attempted to conduct a traffic stop.  Defendant accelerated, ran two red lights, turned down a dead-end road, and parked on private property before exiting the vehicle and being arrested without further incident.  PSR ¶ 15.

During an inventory of the vehicle, officers found a loaded Taurus model G2C 9mm handgun under the driver's seat.  Officers also found multiple backpacks.  In one backpack, officers seized a loaded SCCY model CPX-2 9mm handgun, 32.61 gross grams of heroin, 42.11 gross grams of methamphetamine, a digital scale, several smoking pipes, drug packaging, a small glass jar containing an unknown powdery substance, and a box of buprenorphine and naloxone prescribed to defendant.  PSR ¶ 17.

### B.  The Charges and Plea

A federal grand jury charged defendant with Felon in Possession of a Firearm, Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Heroin, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  Defendant pleaded guilty to Count 4, the Section 924(c) count.  PSR ¶¶ 1-4. The state charges arising from the same January 28, 2024 conduct were dismissed in lieu of federal prosecution.  PSR ¶ 34.

## II.    Plea Agreement and Guidelines Computation

Defendant entered his guilty plea pursuant to a written Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement.  At sentencing, the government will move to dismiss the

**Government's Sentencing Memorandum**                                                    **Page 2**

remaining counts.  The parties jointly recommend a sentence of 60 months of imprisonment, five years of supervised release, and a $100 special assessment.  PSR ¶¶ 6-10.

The government believes the PSR's Guidelines analysis is correct.  For Count 4, the guideline sentence is the minimum term of imprisonment required by statute.  U.S.S.G. § 2K2.4(b); PSR ¶¶ 23, 54.  Chapters Three and Four do not apply to the count of conviction.  U.S.S.G. § 2K2.4(b); PSR ¶ 23.  Defendant's criminal history score is 10, which places him in criminal history category V.  PSR ¶ 31.

### III.    Argument

### A.  A 60-Month Consecutive Sentence Is Appropriate and Required

The jointly recommended sentence is the statutory minimum and the Guidelines sentence.  PSR ¶¶ 8, 23, 53-54.  A sentence of 60 months is sufficient but not greater than necessary to satisfy the purposes of sentencing.  18 U.S.C. § 3553(a).

The offense was serious. Defendant possessed two loaded handguns while carrying distribution quantities of methamphetamine and heroin, together with a digital scale and drug-packaging materials.  The firearms were accessible: one was under the driver's seat, and the other was in a backpack with the drugs and trafficking materials.  PSR ¶¶ 15-17.  The combination of drug trafficking, loaded firearms, and flight from police created an obvious danger to officers and the public.

Defendant's criminal history confirms the need for a meaningful sentence.  Before this offense, defendant had convictions for Assault of a Public Safety Officer, Felon in Possession of a Weapon, Delivery of Methamphetamine, Felon in Possession of a Firearm, Driving Under the Influence of Intoxicants, Criminal Mischief II, and Assault II.  PSR ¶¶ 26-30.  The Assault II conviction involved defendant swinging a large knife at a victim and causing a serious

**Government's Sentencing Memorandum**                                                          **Page 3**

laceration.  PSR ¶ 30.  Defendant committed the present offense despite prior federal supervision, prior substance-abuse and mental-health treatment, and a prior 48-month federal firearm sentence.  PSR ¶¶ 28, 49.

The government also recognizes the mitigating facts outlined in the PSR.  Defendant has significant mental-health and substance-abuse history, including brain surgery as a teenager, post-traumatic stress disorder (PTSD), and severe stimulant, opioid, and alcohol use disorders. PSR ¶¶ 37, 39, 41-49.  He has also completed the Residential Drug Abuse Program, completed numerous educational courses in custody, and performed well in college courses while on supervision. PSR ¶¶ 28, 49-50.  The recommended 60-month sentence accounts for those mitigating facts while still reflecting the seriousness of the offense, protecting the public, and deterring defendant from returning to firearms and drug trafficking.

The sentence must run consecutive to Defendant's undischarged state sentence. Defendant is serving a 48-month state sentence for Assault II, with a projected release date of May 19, 2027. PSR ¶ 30.  Section 924(c) provides that no term of imprisonment imposed under that subsection may run concurrently with any other term of imprisonment.  18 U.S.C. § 924(c)(1)(D)(ii).  That rule applies to undischarged state sentences.  *United States v. Gonzales*, 520 U.S. 1, 11 (1997). Accordingly, the Court should impose the 60-month sentence consecutive to defendant's state sentence.

### B. Supervised Release, Fine, Restitution, and Forfeiture

A five-year term of supervised release is appropriate.  The offense is a Class A felony, and the Court may impose up to five years of supervised release. 18 U.S.C. § 3583(b)(1); PSR ¶ 56.  Given defendant's criminal history, substance-abuse history, and mental-health needs, the

**Government's Sentencing Memorandum**                                                                 **Page 4**

government supports the PSR's recommended five-year term and the recommended treatment, testing, and reentry conditions.

There is no identifiable victim in this case, and restitution is not applicable.  PSR ¶¶ 19, 63-64.  The government does not seek a fine in light of defendant's custodial status, appointed counsel, and apparent inability to pay.  PSR ¶ 52.  The Indictment included forfeiture allegations, the defendant agreed to forfeiture terms in the plea agreement, and the Court entered a preliminary order of forfeiture on April 28, 2026.  *See* ECF. No. 20; PSR ¶¶ 5, 13.

## IV.    Conclusion

For the above reasons, the government respectfully recommends that the Court impose a sentence of 60 months of imprisonment, consecutive to Defendant's undischarged state sentence, followed by five years of supervised release and a $100 special assessment.

Dated: April 28, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Nicholas D. Meyers*
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorney

**Government's Sentencing Memorandum**                                        **Page 5**